UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIKKI S. CARTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION et al.<br><br>Defendants. | Case No. 1:25-cv-744-PLF |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT PSEUDONYMOUS DECLARATIONS**

Plaintiffs Nikki S. Carter; A.W.; K.D., on behalf of herself and her minor child, M.W.; Melissa Combs, on behalf of herself and her minor child, D.P.; A.M.; Elizabeth Stewart-Williams; A.S.; Amy Cupp, on behalf of herself and her minor child, G.C.; and the Council of Parent Attorneys and Advocates, Inc. (together, "Plaintiffs"), hereby respectfully move for entry of an order allowing certain non-party declarants (the "Doe Declarants") to file declarations in support of the Plaintiffs' anticipated motion for entry of a preliminary injunction through the use of pseudonyms concealing their identity from the government.

### I.   ARGUMENT

Plaintiffs challenge recent actions by Defendants U.S. Department of Education, Secretary of Education Linda McMahon, and Acting Assisting Secretary for Civil Rights Craig Trainor which effectively prevent the Office for Civil Rights ("OCR") from fulfilling its statutory responsibilities to enforce Title IX of the Education Amendments of 1972, as amended ("Title IX"), Title VI of the Civil Rights Act of 1964 ("Title VI"), Section 504 of the

1

Rehabilitation Act ("Section 504"), and Title II of the Americans with Disabilities Act ("Title II"). Plaintiffs intend to file a motion for preliminary injunction shortly. In support of that motion, they plan to offer declarations of current and former OCR employees showing in detail the impact Defendants' actions have had on the day-to-day operations of the Department and how it has prevented it from carrying out statutorily-mandated duties. Copies of those declarations are attached to this motion. Specifically, the Doe Declarants are:

- Doe Declarant 1, a senior attorney at a closed OCR office laid off in the Department's recent reduction in force.

- Doe Declarant 2, an investigator at a closed OCR office laid off in the Department's recent reduction in force.

- Doe Declarant 3, a senior attorney at a closed OCR office laid off in the Department's recent reduction in force.

- Declarant 4, an investigator at a closed OCR office laid off in the Department's recent reduction in force.

- Doe Declarant 5, a 9-year veteran of OCR at a closed office laid off in the Department's recent reduction in force.

- Doe Declarant 6, an investigator at a closed OCR office laid off in the Department's recent reduction in force.

- Doe Declarant 7, a member of the investigative staff at an OCR office that remains open.

- Doe Declarant 8, an attorney in an open OCR office who was not laid off in the Department's reduction in force but subsequently resigned.

The D.C. Circuit has not addressed when third-party declarants may proceed pseudonymously, but courts have regularly allowed them to do so without meeting the burden

2

to proceed pseudonymously in litigation. Even if that standard does apply, Doe Declarants meet it. In parallel litigation in the First Circuit the court held that declarant employees of the Department of Education, including some of the Doe Declarants, did so. Electronic Order of March 21, 2025, ECF No. 65, *State of New York, et al. v. McMahon, et al.*, No. 1:25-cv-10601 (D. Mass).

### A. The Doe Declarants should be allowed to proceed pseudonymously because they are "readily identifiable" non-parties.

Courts, including those in this district, have allowed non-party declarants to use pseudonyms without finding they meet the standard applicable to pseudonymous parties. *See NAACP, et al. v. Trump, et al.*, 298 F. Supp. 3d 209, 240 n.24 (D.D.C. 2018) (allowing pseudonymous declarations where defendants did not object); *Make the Rd. New York v. McAleenan*, 405 F. Supp. 3d 1, 33 n.17 (D.D.C. 2019) (holding that plaintiff organization sufficiently "identified" members who had standing by filing pseudonymous declarations even where defendants objected); *see also Doe v. Duerfahrd*, No. 4:18-CV-72-JVB-JEM, 2022 WL 17253080, at *6 n.2 (N.D. Ind. Nov. 28, 2022) (approving use of pseudonyms by declarants).

IRS agents also routinely use pseudonyms to avoid harassment with the approval of federal courts. *See e.g.*, *United States v. Wanland*, No. 2:13-CV-2343-KJM-KJN PS, 2017 WL 4269887, at *9 (E.D. Cal. Sept. 26, 2017) ("Defendant's objection to … use of a pseudonym is also not well taken, because IRS agents are frequently permitted to use pseudonyms" and declaration "provides sufficient information to render [him] a readily identifiable person.") (ECF No. 77, ¶ 2), *report and recommendation adopted*, *United States v. Wanland,* No. 2:13-CV-2343-KJM-KJN PS*,* 2018 WL 1891303 (E.D. Cal. Mar. 30, 2018); *United States v. Pound*, No. CIV-07-427-RAW, 2010 WL 2803918, at *1 n.4 (E.D. Okla. Feb. 2, 2010) (approving use of pseudonymous declaration from IRS employee). One court has explained that this practice is appropriate because "the declarant is a readily identifiable person who can be subjected to

the penalties for perjury" and "[t]itle 28 U.S.C. § 1746 (declarations) does not prohibit the use of nicknames, aliases, or pseudonyms; it merely requires by implication that the fact of such use is expressly stated in the declaration, and that the actual person can be identified." *Springer v. I.R.S.*, No. S-97-0092 WBS GGH, 1997 WL 732526, at *5 (E.D. Cal. Sept. 12, 1997) (adopted by Order, ECF No. 14, (E.D. Cal. Oct. 23, 1997)).

Here, Plaintiffs are "readily identifiable" individuals who have signed declarations under penalty of perjury. No more is required.

### B. In the alternative, Doe Declarants meet the D.C. Circuit's strict standard for permitting plaintiffs to proceed using pseudonyms.

While "[t]he presumption of openness in judicial proceedings is a bedrock principle of our judicial system," *in re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020); *see also Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573–74 (1980), the government's pattern of retaliation against its critics justifies granting the Doe Declarants the "rare dispensation," *United States v. Microsoft Corp.,* 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)), of pseudonymity. In the parallel *State of New York v. McMahon* litigation, the court held that the declarants had met the First Circuit's standard for pseudonymity by plaintiffs because "recent examples of alleged retaliation against those involved in investigations and lawsuits against the current administration" justified granting pseudonymity to "innocent non-parties" like them. Order of March 21, 2025, ECF No. 65, *New York v. McMahon*.

In the D.C. Circuit, a plaintiff meets its burden when seeking pseudonymity by "demonstrating a concrete need for such secrecy" and "identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326; *see also Plaintiff B v. Francis*, 631 F.3d 1310, 1315–1319 (11th Cir. 2011). The Court must

4

"balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *Id*. This fact-specific inquiry considers five non-exhaustive factors:

1. [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

3. the ages of the persons whose privacy interests are sought to be protected;

4. whether the action is against a governmental or private party; and, relatedly,

5. the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*In re Sealed Case*, 971 F.3d at 326–27 (quoting *James*, 6 F.3d at 238).

Doe Declarants are current and former employees of Defendant U.S. Department of Education. Public identification, including identification to the federal government, would potentially expose them to immediate job loss, blacklisting in the federal employment system, and reputational harms. Those are precisely the "retaliatory physical or mental harm" concerns that weigh strongly in favor of anonymity. *In re Sealed Case*, 971 F.3d at 326; *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000) (allowing anonymity where textile-worker-plaintiffs presented significant evidence of retaliation by blacklisting and legitimately "fear[ed] extraordinary retaliation.").

The current administration, though in office for barely 100 days, has already demonstrated a pattern of using any means at its disposal to retaliate against anyone who opposes its interests. *See* Michael S. Schmidt et. al., "List: Who Trump has Targeted for Retaliation," The New York Times.[1] Even to the extent the currently-employed Doe Declarant has legal protection against termination for participation in this case, the administration has terminated many employees

---

[1] Accessible at: https://www.nytimes.com/interactive/2025/04/07/us/trump-revenge-list.html (last visited Apr. 30, 2025).

5

unlawfully. *See, e.g.*, "Temporary Restraining Order," ECF No. 44, *State of Maryland et al. v. U.S. Dep't of Agriculture et al.*, No. 25-cv-0748-JKB (D. Md. Mar. 13, 2025), (enjoining mass termination of probationary employees as unlawful). Moreover, even former government employees have been subjected to retaliation, as have their later employers. *See, e.g.*, Exec. Order No. 14,246, 90 Fed. Reg. 13977 (Mar. 25, 2025) ("Addressing Risks from Jenner and Block") (targeting firm for retaliation over decision to employ former member of the office of special counsel Robert Mueller).

Requiring disclosure of the Doe Declarants' identities will deter not only them but also other potential witnesses from coming forward in this and future cases. Absent pseudonyms, crucial evidence about the Department's challenged conduct will never reach the Court. That chilling effect undermines both the private interest in safe testimony and the public's interest in transparent adjudication.

The *In re Sealed Case* factors also all favor or are neutral toward granting pseudonymity in this case:

1. Justification: The Doe Declarants risk the full weight of the federal government's awesome investigatory, regulatory, and prosecutorial powers being used against them. That risk of harm means that their identity as declarants is of a "highly personal nature."

2. Risk of harm: The Doe Declarants are innocent witnesses, not parties to the litigation. As set out in more detail above, this administration has a pattern of retaliating against current and even former government employees.

3. Age: The Doe Declarants are adults.

4. Defendant: The action is against a government agency, heightening the risk and potential harm from retaliation. Courts have held "there is a heightened public interest [in declarant's identities] when an individual or entity files a suit against the

government" particularly where "the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward." *In re Sealed Case*, 971 F.3d at 329. But this is not a case that seeks to alter the operation of a public law. And other courts have held that when a plaintiff challenges the government they are more likely to be entitled to pseudonymity because "governmental bodies do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing." *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014).

5. Fairness: Defendants will have full access to the content of the declarations and general information about the nature of the declarants' work. This information is sufficient to allow Defendants to determine whether the facts alleged in the declarations are accurate or plausible, and, if they do not believe so, provide their own evidence. The identities of the Doe Declarants are not necessary to these questions.

*In re Sealed Case*, 971 F.3d at 326–27. In sum, the Doe Declarants' "legitimate interest in anonymity" far outweighs any minimal prejudice to Defendants or the public's desire to know their names. *Id.* at 326.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave for the Doe Declarants to submit their declarations under pseudonyms.

Dated: May 1, 2025                         Respectfully submitted,

/s/ David G. Hinojosa
David G. Hinojosa (D.C. Bar No. 1722329)
Johnathan Smith (D.C. Bar No. 1029373)
National Center for Youth Law
818 Connecticut Ave NW, Suite 425
Washington, D.C. 20006
(202) 868-4784

dhinojosa@youthlaw.org
jsmith@youthlaw.org

Freya Pitts (admitted *pro hac vice*)
Hong Le (admitted *pro hac vice*)
Pallavi Bugga (admitted *pro hac vice*)
National Center for Youth Law
1212 Broadway, Suite 600
Oakland, CA 94610
(510) 835-8098

Selene Almazan-Altobelli (admitted *pro hac vice*)
Council of Parent Attorneys and Advocates, Inc.
PO Box 6767
Towson, MD 21285
844-426-7224, ext. 702
Selene@copaa.org

*Counsel for Plaintiffs*

8