UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NIKKI S. CARTER, et. al., | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 1:25-cv-744-PLF |
| UNITED STATES DEPARTMENT OF EDUCATION, et. al, | ) |
| *Defendants*. | ) |

**DECLARATION OF A.M.[1]**

I, A.M., declare as follows:

**Background Information**

1. I am over the age of eighteen, have personal knowledge of the facts and matters below, and am competent to testify about these facts.

2. I have a sixteen-year-old daughter.

3. My daughter and I live in Michigan.

4. I am a Plaintiff in this case.

5. In January 2023, I filed a Title IX complaint on behalf of my daughter with the U.S. Department of Education Office for Civil Rights (OCR).

**Circumstances Underlying OCR Complaint**

---

[1] The motion for A.M. to proceed under pseudonym is pending. *See* ECF Nos. 20 & 24.

1

1. In June 2022, when my child was in the seventh grade, she was sexually assaulted by a classmate in the high school bathroom.

2. She was thirteen years old at the time.

3. My daughter's assaulter also sexually harassed my daughter for multiple weeks.

4. During school, my daughter's assaulter would often make inappropriate gestures to her in class and would frequently grope her, in public, without her consent.

5. After my daughter's assault, her assaulter spread rumors and shared personal details about my daughter.

6. My daughter was bullied, victim-shamed, and harassed as a result.

7. Because of these rumors, no one believed my daughter was assaulted. Everyone thought she was lying.

8. My daughter's friends and classmates stopped talking to her.

9. My daughter's mental health began to suffer. She developed significant trauma from the assault and sexual harassment, and the subsequent bullying and victim-shaming.

10. In July 2022, I filed a Title IX complaint with the district on behalf of my daughter.

11. In August 2022, the district sent formal notice of the Title IX investigation and appointed an attorney to serve as the Title IX investigator.

12. In the Summer of 2022, I decided to pull my daughter out of the school district because it was unsafe for her to continuing going there until the school and district addressed my concern.

13. In October 2022, the Title IX investigator sent me a memorandum summarizing all of the evidence collected as part of the district's Title IX investigation. I noticed several inconsistencies and omissions.

14. On October 31, 2022, the Title IX investigator sent her findings to the district.

15. On November 30, 2022, the District formally completed its investigation. The district concluded that the incident that happened in the high school bathroom—when my daughter was sexually assaulted—did not meet the definition of sexual harassment under Title IX or the school board's policy.

16. The district further concluded that the assault was consensual.

17. My daughter was devastated.

18. The district refused to impose any disciplinary consequences on my daughter's perpetrator.

19. I later found out that the district adopted the Title IX investigator's conclusions and findings without doing any independent investigation of its own.

20. Further, the Title IX investigator was part of the same law firm that developed the district's Title IX policies, and that served and continues to serve as the district's legal counsel.

21. As a result of the district's finding, my daughter's mental health deteriorated even more.

**OCR Complaint**

22. On January 27, 2023, I filed a Title IX complaint with OCR alleging that the district had discriminated against my daughter on the basis of sex for its failure to adequately respond to my Title IX complaint, and for failing to ensure that district personnel received proper Title IX training.

23. I made the decision to file an OCR complaint because I wanted justice for my daughter.

24. My daughter and I live in a small town. Many people in our town are affiliated with the school in some way.

25. After my daughter's assault, no attorney in my county was willing to come forward to help me bring a case against the district.

26. To find some form of recourse for my daughter, I even wrote to my mayor, state representatives, and the state governor.

27. No one responded to my pleas.

28. I was distraught.

29. I decided to file an OCR complaint because I had nowhere else to turn.

30. I needed to get justice for my daughter. And I needed to make sure this did not happen to any other child in the district again.

31. In my OCR complaint, I asked for an audit of the school district's Title IX policies, processes, procedures, as well as oversight mechanisms to make sure they are compliant with district, state and federal requirements. I requested appropriate Title IX training and ongoing OCR oversight of the district's Title IX complaint resolution process. I also asked for compensation for costs my family incurred because of the district's actions, including costs for my daughter's mental health treatment.

**OCR's Response to My Complaint**

32. My complaint was assigned to the Cleveland Office.

33. In March 2023, OCR conducted a mediation for me and the school district, but it was unsuccessful.

34. On May 12, 2023, OCR formally opened an investigation into my complaint.

35. OCR stated that they would investigate two issues.

36. The first issue was whether the district had actual knowledge of my daughter's sexual harassment, and whether they responded promptly in a manner that was not deliberately indifferent as required by Title IX.

37. The second issue was whether the district had ensured that the Title IX Coordinator, investigators, decision-makers, and other persons involved received training on the definition of sexual harassment, the scope of the district's education program or activity, how to conduct an investigation and grievance process, and how to serve impartially as required by Title IX.

38. On March 17, 2025, I was notified that my case was being transferred to the Denver office following the closure of the Cleveland office.

39. On April 14, 2024, I received an email from an attorney from the Denver office notifying me that they were taking over the handling of my complaint.

40. But my understanding is that since the closure of the Cleveland office and the subsequent reductions in OCR's workforce, there has not been any forward progress on investigating or resolving my OCR complaint.

**Impact on My Family**

41. When we filed the OCR complaint, my daughter was hopeful that she would finally have a real, fair shot at justice.

42. But now, with the administration's gutting of OCR's workforce and the closure of the Cleveland and other regional offices, I am concerned that will no longer be possible.

43. My daughter suffered immensely as a result of the sexual assault and harassment.

44. Further, because of the district's failure to appropriately investigate and address her sexual assault and harassment, my daughter continues to be painted as a liar by her former friends and classmates.

45. My daughter has had to change districts multiple times, and now attends a high school over thirty minutes away, despite the high school in our district being located less than two blocks from our house. Even enrolling my daughter in a new school has been difficult because the new district keeps giving us a hard time since it's not our home district.

46. Because of the assault and subsequent trauma, my daughter has been hospitalized multiple times for self-harm.

47. My daughter is still experiencing mental health trauma from the assault. To this day, she continues to go to therapy and take medication.

48. If we obtain our requested relief from OCR, my daughter and I would finally be able to hold the district accountable.

49. We would finally be able to ensure that the district adopts appropriate Title IX policies and procedures.

50. We would finally be able to ensure that no other children in the district who are subject to sexual assault or harassment are treated the way my daughter was.

51. And we would finally receive compensation for the cost of years of mental health treatment and therapy we have had to incur and we continue to incur as a result of my daughter's trauma.

52. If we were to obtain our requested relief, my daughter would finally be able to move on and find peace from the trauma she has suffered for so long.

53. But without access to OCR's complaint processing system, my daughter and I have no other option to have our Title IX complaint addressed.

54. Without access to OCR's complaint processing system, we have no other means of obtaining recourse or justice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 29, 2025.

Signature: _A M_

A.M.