# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NIKKI S. CARTER, et. al., | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 1:25-cv-744-PLF |
| UNITED STATES DEPARTMENT OF EDUCATION, et. al, | ) |
| *Defendants*. | ) |

## DECLARATION OF ANDREW R. HAIRSTON

I, ANDREW R. HAIRSTON, declare as follows:

**Background Information**

1. I am over the age of eighteen, have personal knowledge of the facts and matters below, and am competent to testify.

2. I submit this declaration in support of the Plaintiffs' Motion for a Preliminary Injunction in the above-referenced matter.

3. I am the Education Justice Project Director at Texas Appleseed in Austin Texas. I am licensed to practice law in Texas and Louisiana. In this role, I use various tools, including administrative complaints, to advance efforts to dismantle the school-to-prison pipeline.

4. Across my career as a civil rights lawyer, I have consistently used the data and procedural tools from the U.S. Department of Education's Office for Civil Rights in my mission to

1

5. secure equal educational opportunities for historically disenfranchised groups within the United States.

6. My office provides pro bono legal services to families who are navigating the various harms of the school-to-prison pipeline, especially racially discriminatory discipline and interactions with school police officers. In my practice, I have supported families in filing administrative complaints; in my opinion, these procedural tools can be helpful for providing helpful relief for families during times of immense stress in their lives.

**OCR Complaint**

6. Along with my colleague, Princess Jefferson, I filed a complaint with the Dallas Office of the U.S. Department of Education's Office for Civil Rights in October 2024 on behalf of a Black teenager in Beaumont, Texas. We filed this complaint in response to a Beaumont ISD police officer beating up my client on the campus of Beaumont United High School on April 30, 2024. She filed this complaint on behalf of herself and other students.

7. We alleged that the Beaumont ISD Police Department engages in illegal racial discrimination against Black students, in violation of Titles IV and VI of the Civil Rights Act of 1964. We highlighted data from the Civil Rights Data Collection of the U.S. Department of Education's Office for Civil Rights in our complaint; during the 2020-21 academic year, all of the students who were referred to law enforcement in Beaumont ISD were Black.

8. An attorney within the Dallas Office acknowledged receipt soon after we submitted the complaint. Our client, her mother, and my colleague joined me and the OCR attorney on a call at the end of November to discuss the allegations within our complaint.

9. The OCR attorney asked helpful clarifying questions about the race of students who had been subjected to the harms of school policing within Beaumont ISD during that call. She inquired as to if any white students had - to our knowledge - experienced similar interactions with police officers. She subsequently emailed a set of questions to our office and our clients to get a better understanding of the race of the students who have been harmed by the Beaumont ISD Police Department.

10. Our office submitted a public information request to Beaumont ISD in December 2024, posing the questions articulated by the OCR attorney. The district quoted our office over $66,000 to release this information. In my opinion, this exorbitant cost estimate emphasized the need for the Office for Civil Rights to open an investigation and receive the requested information from Beaumont ISD.

11. On February 25, 2025, the OCR attorney reached out via electronic correspondence to confirm that she received our supplemental information and let me know that the complaint was still pending. On April 11, 2025, our office subsequently replied and received an automated message that the OCR attorney's employment status had changed - and all inquiries should be directed to OCR-transition@ed.gov. Our office has not received any update on the status of our complaint since February 25, 2025.

12. In my opinion, the closure of the Dallas Office of the Office for Civil Rights, and the resulting uncertain fate of our complaint, shuts off a critical avenue for relief for our

client and other Black children who have faced racial discrimination at the hands of the Beaumont ISD Police Department.

13. We intended to use this complaint, in part, to get a change in policies and procedures of the Beaumont ISD Police Department, with a focus on eliminating racial disparities in arrests and law enforcement referrals. With the uncertain nature of the complaint as of the date of the execution of this declaration, I am doubtful that the U.S. Department of Education will meaningfully address the harmful practices of the Beaumont ISD Police Department through its resolution of the complaint.

14. I spoke with our client and her mother on April 23, 2025. Our client spoke passionately about how the detrimental effects of the assault by the school police officer still linger in her life, one year later. Our client reminded me during this conversation that two Black male students, in October 2024, had a similar experience with Beaumont ISD police officers. She shared that she is still anxious that the same police department is patrolling the halls of her current campus. As she nears her graduation on May 31, 2025, she expressed frustration that the avenue of relief through the U.S. Department of Education appears to be stalled indefinitely. She is fearful that she could be subjected to such abuse again, especially without a resolution, and she is nervous about how other Black students will experience the Beaumont ISD Police Department in the years to come.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 29, 2025.

Signature:

_Andrew R. Hairston_    _____

ANDREW R. HAIRSTON