UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| Nikki Carter, *et. al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et. al.*,<br><br>*Defendants*. | Case No. 1:25-cv-0744-PLF |

### Unopposed Motion for Leave to File Second Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs file this unopposed motion for leave to file their Second Amended Complaint (Ex. 1) in order to add and remove parties and update the allegations in the complaint. Both sets of changes are needed to address developments in the case occurring between the time Plaintiffs filed their Amended Complaint in April and the stays issued by this Court, with the consent of the parties, over the past seven months and the recent government shutdown. Because the proposed amended allegations are necessary and would serve the interests of justice, Plaintiffs respectfully ask this Court to grant Plaintiffs leave to file their amended complaint. Defendants do not oppose this Motion.

### Background

Plaintiffs filed their Complaint on March 14, 2025, and filed a First Amended Complaint on April 10, 2025. Dkts. 1, 15. On May 2, 2025, they filed a motion for a preliminary injunction, Dkt. 52, which was denied on May 21, 2025. Dkt. 67. The parties then agreed that the most economical approach was to stay the case pending the outcome of appeals in other matters raising related or overlapping claims. Dkt. 69. The Court agreed, and the case has been stayed since that point. *Id.*; Minute Order of Dec. 16, 2025.

1

**Legal Standard**

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The decision to grant or deny leave to amend . . . is vested in the sound discretion of the trial court," *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977). "Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend" and "[i]n most cases delay alone is not a sufficient reason for denying leave" absent prejudice to the non-moving party. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998) (internal quotation marks omitted) (*citing* 6 Wright & Miller's Fed. Practice & Procedure § 1488 at 652, 659, 662–69 (2d. ed. 1990 & Supp. 1997)); *see also Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) ("Consideration of whether delay is undue . . . should generally take into account . . . the possibility of any resulting prejudice.").

**Argument**

"Leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999). Because the filing would serve justice and none of those circumstances apply here, the Court should grant Plaintiffs' motion.

In the approximately seven months this matter has been stayed, there have been several relevant developments in the facts supporting the claims of Plaintiffs, both in the lives of Plaintiffs and in the Department of Education's oversight of its Office for Civil Rights ("OCR"). Plaintiffs seek leave to amend their complaint to allege these new facts and to address updates on plaintiff

parties. Specifically, Plaintiff Nikki Carter is no longer able to participate in the case, four new Plaintiffs would like to join the case to assert their claims against Defendants, and there is significant new information about the impact of Defendants' actions on OCR's ability to carry out its statutorily-mandated mission and the consideration of OCR complaints as related to the equal protection claims. In addition, there are significant developments potentially affecting the March 2025 reductions-in-force ("RIFs") that give rise to additional, related claims here, including actions of Defendants during the government shutdown and the subsequent legislation enacted by Congress that, in part, restricts agencies from implementing RIFs. *See* Continuing Appropriations, Agriculture, Legislative Branch, Military Construction, and Veterans Affairs, and Extensions Act, 2026, Pub. L. No. 119-37, 119th Cong. (Nov. 12, 2025). Each of these new developments is addressed in the proposed Second Amended Complaint. *See* Second Am. Compl., Ex. 1.

Furthermore, Defendants do not oppose this motion. Defendants have suffered no prejudice from the time between the last complaint and this proposed one because the case has been stayed, with their consent. Nor is there undue delay, as the amendments reflect changes that have occurred over that time and could not have been made substantially sooner. The amendments are made in good faith and there is no repeated failure to cure deficiencies or evidence of futility.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file the proposed Second Amended Complaint.

Dated:  January 9th, 2026.                                Respectfully Submitted,

Freya Pitts (admitted pro hac vice)
Hong Le (admitted pro hac vice)
Pallavi Bugga (admitted pro hac vice)
National Center for Youth Law
1212 Broadway, Suite 600
Oakland, CA 94610
(510) 835-8098
fpitts@youthlaw.org
hle@youthlaw.org
pbugga@youthlaw.org

Selene Almazan-Altobelli
(admitted pro hac vice)
Council of Parent Attorneys and
Advocates, Inc.
PO Box 6767
Towson, MD 21285
844-426-7224, ext. 702
Selene@copaa.org

/s/ David G. Hinojosa
David G. Hinojosa (D.C. Bar No. 1722329)
Nina Monfredo (admitted pro hac vice)
National Center for Youth Law
818 Connecticut Ave NW, Suite 425
Washington, D.C. 20006
(202) 868-4782
dhinojosa@youthlaw.org
nmonfredo@youthlaw.org

Michael Tafelski (admitted pro hac vice)
Claire Sherburne (admitted pro hac vice)
Southern Poverty Law Center 150 E. Ponce de Leon Ave., Ste. 340
Decatur, GA 30030
(334) 430-9104
michael.tafelski@splcenter.org
claire.sherburne@splcenter.org

Sam Boyd (admitted pro hac vice)
Southern Poverty Law Center
2 Biscayne Blvd., Ste. 3750
Miami, FL 33131
(786) 560-0737
sam.boyd@splcenter.org
*Counsel for Plaintiffs*